UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL MANFREDI, JUAN PELAEZ and TOUFIK
ZAROURI, Individually and On Behalf of All Others Similarly
Situated,

                                                        Plaintiffs,        **COMPLAINT**

                                                                           09 CV 7040 (DLC) (HBP)

                              -against-                                    **PLAINTIFFS DEMAND
                                                                           A TRIAL BY JURY**

E  &  D,  LLC  D/B/A  THE  PRIME  GRILL  NY,  JA                            **ECF CASE**
RESTAURANT MANAGEMENT, LLC D/B/A SOLO and
JOSEPH ALLAHAM,
                                                        Defendants.
------------------------------------------------------------------------X

         Plaintiffs Michael Manfredi, Juan Pelaez and Toufik Zarouri ("plaintiffs"), on behalf

of themselves and all others similarly situated, by their attorneys, Lipman & Plesur, LLP, complain

of defendants E & D, LLC d/b/a The Prime Grill NY ("The Prime Grill"), JA Restaurant

Management, LLC d/b/a Solo, Prime Grill ("Solo"), Joseph Allaham ("defendant Allaham")

(collectively referred to as "defendants"), as follows:

## PRELIMINARY STATEMENT

         1.       Plaintiffs complain on behalf of themselves, and other similarly situated

current and former employees of defendants who may elect to opt-in to this action pursuant to the

Fair Labor Standards Act, 29 U.S.C. § 216(b), that they are owed: (i) minimum wages; (ii) overtime

premium pay, (iii) earned and improperly retained gratuities; and (iv) liquidated damages pursuant

to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. (hereinafter referred to as the "FLSA").

         2.       Plaintiffs further complain on behalf of themselves, and a putative class of

other similarly situated current and former employees of defendants who worked as waiters,

bartenders, servers, bussers, runners or in other similar titles pursuant to Fed. R. Civ. Proc. 23, that

they are owed additional wages from defendants for failure to pay minimum wages and overtime

premium pay under the New York State Minimum Wage Order for the Restaurant Industry, N.Y.

Comp. Codes R. & Regs., Part 137, Title 12, § 137, the New York Minimum Wage Act, New York

Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.* (hereinafter collectively

referred to as the "NYLL"). Additional wages are also owed because: (i) gratuities and service

charges were unlawfully misdirected to management or otherwise not paid to the appropriate service

workers in violation of NYLL § 196-d; and (ii) plaintiffs were each entitled to one hour's pay at the

basic minimum wage rate (in addition to the minimum and overtime wages they are entitled to under

NYLL) for every day they worked in which the "spread of hours" for that day exceeds ten hours.

## JURISDICTION AND VENUE

3.     Plaintiffs invoke the jurisdiction of this Court pursuant to the Fair Labor

Standards Act, 29 U.S.C. § 216, and the supplemental jurisdiction statute, 28 U.S.C. § 1367, in that

the state and federal claims arise from a common nucleus of operative facts such that they are so

related that they form part of the same case or controversy under Article III of the United States

Constitution.

4.     The venue of this action is proper because the events or omissions giving rise

to the claims occurred primarily within, and defendants conduct business within, the Southern

District of New York.

## PARTIES

5.     Upon information and belief, E & D, LLC is a domestic corporation organized

and subject to the laws of New York State.

6.      Upon information and belief, JA Restaurant Management, LLC is a foreign corporation organized and existing under the laws of the State of Delaware.

7.      Upon information and belief, the defendant corporations and the individual defendant act in partnership with each other to operate and manage the restaurants, Solo and The Prime Grill.

8.      Upon information and belief, the corporate defendants are owned and operated by defendant Allaham, who is sued individually and in his capacity as an owner, officer and/or agent of the defendant companies.

9.      At all times relevant, defendants were covered by the FLSA and the NYLL.

10.      Upon information and belief, The Prime Grill and Solo are operated by defendant Allaham.

11.      Upon information and belief, defendant Allaham was the principal, agent, partner, joint venturer, controlling shareholder of the other defendants, and/or was engaged with the other defendants in a joint enterprise for profit, and bore such other relationships to the other defendants so as to be liable for their conduct.

12.      Upon information and belief, defendant Allaham had responsibility for defendants' wage-hour policies and practices.

13.      Defendants have maintained a common policy and practice of, *inter alia*: (a) not paying for all work hours; (b) not properly distributing tips and service charges; and (c) not paying overtime premium pay for work in excess of forty (40) hours a week.

14.      At all relevant times, defendants affected commerce within the meaning of 29 U.S.C. § 203(b).

3

15.     Upon information and belief, defendants maintain corporate headquarters at 424 Madison Avenue, 16th Floor, New York, NY 10017 and operate a restaurant called The Prime Grill at 60 East 49th Street, New York, New York 10017.

16.     Upon information and belief, defendants maintain corporate headquarters at 424 Madison Avenue, 16th Floor, New York, NY 10017 and operate a restaurant called Solo at 550 Madison Avenue, New York, New York 10022.

17.     At all relevant times, one or more defendants employed and/or jointly employed one or more plaintiffs.

18.     Upon information and belief, the gross annual volume of sales made or business done by defendants was not less than $1,000,000.

19.     At all relevant times, defendants were plaintiffs' employer within the meaning of the FLSA and NYLL.

20.     Defendant Allaham had the power to hire and fire plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for plaintiffs' services.

21.     The defendant restaurants shared common labor policies and practices.

22.     Upon information and belief, defendants jointly managed employment records.

23.     Upon information and belief, employees of each of defendants' restaurants were subjected to the same compensation policies as plaintiffs.

24.     Defendants were joint employers of plaintiffs and their similarly situated co-workers.

4

25.     Defendants operated as a single enterprise.

26.     The named plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b).  Persons similarly situated who may opt-in to this action under the FLSA are those who are and/or were employed at defendants at any time after August 12, 2003.

27.     Plaintiff Michael Manfredi ("plaintiff Manfredi") is an adult individual residing in Bronx County, New York.  Plaintiff Manfredi was employed by defendants as a waiter from in or about February 2008 to April 2009.

28.     Plaintiff Juan Pelaez ("plaintiff Pelaez") is an adult individual residing in Passaic County, New Jersey.  Plaintiff Pelaez was employed by defendants as a busboy and runner from on or about June 6, 2006 to September 9, 2008.

29.     Plaintiff Toufik Zarouri ("plaintiff Zarouri") is an adult individual residing in Queens County, New York.  Plaintiff Zarouri was employed by defendants as a waiter from in or about 2005 to March 2009.

## CLASS ALLEGATIONS

30.     Plaintiffs sue on their own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure.

31.     Plaintiffs bring this Class action on behalf of all persons employed by defendants as waiters, bartenders, servers, bussers, runners and other similar titles at any time after August 12, 2003 to the present (the "class period") who: (a) were not paid overtime premium pay for all hours worked in excess of forty (40) per workweek; (b) were not compensated for all hours worked; (c) were not paid the minimum wage; (d) were not provided with all earned tips and service

charges; and/or (e) were not paid one hour's pay at the basic minimum hourly wage rate for every day they worked in which the "spread of hours" for that day exceeded ten hours.

32.     The employees in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of defendants, upon information and belief, there are believed to be at least forty (40) members of the Class during the class period. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members. The claims of the representative parties are typical of the claims of the Class.

33.     The representative parties will fairly and adequately protect the interests of the Class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against defendants.

34.     There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including: (a) whether defendants failed to compensate plaintiffs for all hours worked within the meaning of the NYLL; (b) whether defendants failed to pay plaintiffs overtime premium pay for hours worked in excess of forty (40) per workweek within the meaning of the NYLL; (c) whether defendants failed to pay plaintiffs and their similarly situated co-workers their earned gratuities and service charges and/or unlawfully misdirected a portion of the gratuities and/or service charges to management; and, (d) whether defendants failed to pay plaintiffs and their similarly situated co-workers their "spread of hours" pay.

## FACTS

35.     Plaintiffs and their similarly situated co-workers were paid on an hourly basis by defendants.

36.     Plaintiffs and their similarly situated co-workers were not paid for all hours worked. Plaintiffs and their similarly situated co-workers were regularly "shorted" hours and the pay checks did not accurately reflect hours worked by the plaintiffs.

37.     Plaintiffs and their similarly situated co-workers routinely worked more than forty (40) hours per week but were not paid the proper overtime premium pay.

38.     Plaintiffs and their similarly situated co-workers were, frequently, required to work more than ten (10) hours per day but were not paid any "spread of hours" pay.

39.     Plaintiffs and their similarly situated co-workers were required to work at private parties.

40.     Upon information and belief, defendants' customers were contractually required to pay a service charge for such parties and informed that the service charge included tips.

41.     Upon information and belief, such service charge was typically 17% to 20% of the total cost of the party.

42.     Defendants' customers were routinely told that the service charge was the gratuity, thus discouraging payment of any additional tips.

43.     Upon information and belief, service charges were not properly paid to employees who were entitled to such service charges. Managers and agents of defendants unlawfully misdirected a portion of the service charge to themselves with defendant restaurants and the individual defendants' permission and knowledge.

7

44.     Upon information and belief, the service charge paid to employees assigned to a private party did not equal the service charge paid by the customer for such event.

45.     Managers were and are unlawfully included in the tip pool and a portion of the tips are unlawfully misdirected to Managers.  Upon information and belief, this is part of a scheme whereby tips are used to pay Managers.

46.     Upon information and belief, plaintiffs and their similarly situated co-workers did not receive all of the gratuities to which they were entitled.

47.     Defendants permitted and arranged for the General Manager and other Managers to receive a portion of the tips earned by the employees.

48.     Throughout the relevant period, defendants failed to keep accurate records of the hours worked by employees, including the total number of hours worked each day and each week.

49.     Upon information and belief, plaintiffs' W2 tax forms did not match the amount of tax purported to be deducted from plaintiffs' pay and designated as taxes on the weekly pay checks.

50.     Upon information and belief, defendants deducted monies for taxes that were not provided to any taxing authority.

## AS AND FOR A FIRST CAUSE OF ACTION

### Violation of the Minimum Wage Provisions of the FLSA

51.     Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 50 of this Complaint.

52.     At all relevant times, defendants were plaintiffs' employer within the meaning

of the FLSA, 29 U.S.C. § 203(d).

53.    At all relevant times, defendants were engaged in commerce or in an industry or activity affecting commerce.

54.    Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

55.    Defendants failed to pay plaintiffs at the applicable minimum hourly rate in violation of 29 U.S.C. § 206(a).

56.    Defendants were not entitled to a tip credit pursuant to FLSA, 29 U.S.C. § 203(m).

57.    Defendants' failure to pay plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

58.    Plaintiffs have been damaged in an amount to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION

### Violation of the Overtime Provisions of the FLSA

59.    Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 58 of this Complaint.

60.    Defendants failed to pay plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

61.    Defendants' failure to pay plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

62.    Plaintiffs have been damaged in an amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION

#### Violation of the New York Minimum Wage Act

63.    Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 62 of this Complaint.

64.    At all relevant times, defendants were plaintiffs' and the putative class members' employer within the meaning of the NYLL §§ 2 and 651.

65.    Defendants failed to pay plaintiffs at the applicable minimum hourly rate, in violation of the NYLL for each hour worked.

66.    Defendants failed to pay plaintiffs in a timely fashion, as required by Article 6 of the NYLL.

67.    Plaintiffs have been damaged in an amount to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION

#### Violation of the Overtime Provisions of the New York State Labor Law

68.    Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 67 of this Complaint.

69.    Defendants failed to pay plaintiffs and the putative class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the NYLL.

70.    Plaintiffs have been damaged in an amount to be determined at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION

#### Spread of Hours

71.    Plaintiffs repeat and reallege each and every allegation made in paragraphs

1 through 70 of this Complaint.

72.      Defendants failed to pay plaintiffs and the putative class members one additional hour pay at the basic minimum wage rate for each day such plaintiff's spread of hours exceeded ten in violation of NYLL §§ 190 *et seq*. and §§ 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, §§ 137-1.7 and 137-3.11.

73.      Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION

### Violation of the FLSA: Tips and Service Charges

74.      Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 73 of this Complaint.

75.      Plaintiffs and the putative class members have not been allowed to keep their earned gratuities and service charges and such gratuities and service charges have been misdirected to non-service workers and management in violation of FLSA, 29 U.S.C. § 203 (m).

## AS AND FOR A SEVENTH CAUSE OF ACTION

### Violation of the NYLL: Tips and Service Charges

76.      Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 75 of this Complaint.

77.      Plaintiffs and the putative class members have not been allowed to keep their earned gratuities and service charges and such gratuities and service charges have been misdirected to non-service workers and management in violation of NYLL §§ 190 *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs and those who opt-in to this action respectfully request that this Court grant the following relief:

A.     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B.     Certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure pursuant to Rule 23 for all putative class members for applicable claims under NYLL;

C.     Awarding plaintiffs damages for the amount of unpaid wages, including minimum wages, overtime premiums, and spread of hours pay under the FLSA and/or NYLL;

D.     Awarding plaintiffs liquidated damages in an amount equal to the minimum wage and overtime compensation owed pursuant to 29 U.S.C. § 216(b). (No liquidated damages are sought under the NYLL and any claim for liquidated damages under the NYLL is waived);

E.     Declare defendants' conduct complained of herein to be in violation of the plaintiffs' and the Class's rights as secured by the NYLL;

F.     Direct defendants to compensate plaintiffs for all hours worked at the minimum wage;

G.     Direct defendants to pay overtime premium pay to plaintiffs;

H.     Direct defendants to pay "spread of hours" pay;

I.     Direct defendants to pay the amount of the tip pool misappropriated to

management;

    J.  Direct defendants to pay plaintiffs additional amounts as liquidated damages because of defendants's willful failure to pay minimum wages and overtime pay pursuant to 29 U.S.C. § 216;

    K.  Award plaintiffs pre-judgment interest;

    L.  Award plaintiffs the costs of this action together with reasonable attorneys' fees; and,

    M.  Grant such other and further relief as this Court deems necessary and proper.

### DEMAND FOR TRIAL BY JURY

    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Jericho, New York
   August 7, 2009

             Respectfully submitted,

             By:

               David A. Robins (DR 5558)
               robins@lipmanplesur.com
               Lizabeth Schalet (LS 6284)
               schalet@lipmanplesur.com
               Robert D. Lipman (RL 3564)
               lipman@lipmanplesur.com
               Lipman & Plesur, LLP
               The Jericho Atrium
               500 North Broadway, Suite 105
               Jericho, NY  11753-2131
               516-931-0050