LIPMAN & PLESUR, LLP
Lizabeth Schalet
schalet@lipmanplesur.com
David A. Robins
robins@lipmanplesur.com
Robert D. Lipman
lipman@LipmanPlesur.com
The Jericho Atrium
500 North Broadway, Suite 105
Jericho, New York  11753-2131
Telephone: (516) 931-0050
Facsimile:  (516) 931-0030

*Attorneys for Plaintiffs and Class Counsel*

JACKSON LEWIS LLP
Felice B. Ekelman
ekelmanf@jacksonlewis.com
Noel P. Tripp
trippn@jacksonlewis.com
59 Maiden Lane , 39th Floor
New York, New York 10038
Telephone: (212) 545-4005
Facsimile:  (212) 972-3213

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| MICHAEL MANFREDI, JUAN PELAEZ and TOUFIK ZAROURI, Individually and On Behalf of All Others Similarly Situated,<br><br>                                        Plaintiffs,<br><br>                    v.<br><br>E&D, LLC D/B/A THE PRIME GRILL NY, JA RESTAURANT MANAGEMENT, LLC D/B/A SOLO and JOSEPH ALLAHAM<br>                                        Defendants. | **STIPULATED ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS CERTIFICATION**<br><br>**09 CV 7040 (DLC) (HBP)**<br><br>**ECF CASE** |

-------------------------------------------------------------X

WHEREAS, Michael Manfredi, Juan Pelaez and Toufik Zarouri, ("Named Plaintiffs" or

"Class Representatives") and E & D, LLC d/b/a The Prime Grill NY, JA Restaurant

Management, LLC d/b/a Solo (the "Corporate Defendants") and Joseph Allaham ("collectively

Defendants"), have made a joint application to this Court for class certification for purposes of settlement, preliminary approval of such settlement, approval of the form and manner of settlement notice to the class, and other matters; and

WHEREAS, Named Plaintiffs have alleged that they and other current and former employees of corporate Defendants who worked as "waiters, bartenders, servers, bussers or runners and possibly other titles or in a similarly situated capacity" were owed back wages, including overtime pay for hours worked in excess of 40 in a week under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and under the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.* (collectively, the "NYLL") and also have sought pre-judgment interest, liquidated damages and attorneys' fees and costs under the FLSA and NYLL; and

WHEREAS, Defendants expressly deny any allegations of wrongdoing and violations of law alleged in this Action, and further deny any liability whatsoever to Plaintiffs or to the Class Members; and

WHEREAS, Named Plaintiffs and their counsel have engaged in extensive discussions and negotiations with Defendants and their counsel and the Court has supervised several mediation and settlement sessions between the parties concerning a resolution of the issues raised in this action; and

WHEREAS, the parties have proposed a settlement of the action, the terms of which are embodied in the Confidential Settlement and Release Agreement attached hereto as Exhibit A (the "Settlement Agreement").

**IT IS HEREBY ORDERED:**

1.      To the extent defined in the Settlement Agreement attached hereto as Exhibit A, the terms in this Order shall have the meanings set forth therein and to the extent that there are any discrepancies between the terms herein contained (other than dates stated below) and the terms in Exhibit A, the terms of Exhibit A shall control.

2.      Pursuant to the Settlement Agreement and Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby conditionally certifies for settlement purposes only, the following class ("Class"):

> Any employee employed by one or more of the corporate Defendants as a waiter, bartender, server, busser, runner, or in similar titles at any time during the period from August 12, 2003 through and including May 19, 2010.

3.      Pursuant to 29 U.S.C. § 216(b), the Court further conditionally certifies for settlement purposes only the following collective action ("Collective Action," and together with the Class, the "Settlement Class"):

> Any employee employed by one or more of the corporate Defendants as a waiter, bartender, server, busser, runner, or in similar titles at any time during the period from August 12, 2003 through and including May 19, 2010.

4.      This Order, which conditionally certifies a Class and Collective Action for settlement purposes only, shall not be cited in any matter for the purposes of seeking a class or collective action notice or certification, or for proof of liability of any sort.

5.      Any document filed with the Court in this matter, including but not limited to the Settlement Agreement and any other document referencing the settlement amount ("Settlement Papers"), shall have the settlement amount redacted.  An unredacted version of the Settlement Papers shall be filed under seal with the Clerk of the Court.

6.      The Court hereby preliminarily approves Named Plaintiffs Michael Manfredi, Juan Pelaez and Toufik Zarouri for settlement purposes only as representatives of the Settlement Class.  The Court finds that for settlement purposes only the proposed Class Representatives will fairly and adequately protect the interests of the Settlement Class.

7.      The Court hereby appoints Lipman & Plesur, LLP as Class Counsel to the Settlement Class for settlement purposes only.  Lipman & Plesur, LLP has the experience and resources necessary to provide adequate representation of the Settlement Class and meet the requirements of Rule 23(g)(1).

8.      The Court preliminarily approves Class Counsel's request for attorneys' fees as set forth in Paragraph 11 of the Settlement Agreement.

9.      The Court preliminarily approves Class Counsel's request that the Named Plaintiffs and Opt-In Plaintiffs receive enhancement awards as set forth in Paragraph 11 of the Settlement Agreement.

10.     The Court preliminarily approves Simpluris, Inc., 3176 Pullman Street, Suite 123, Costa Mesa, California 92626, to act as Settlement Administrator for the Settlement Class.  All costs incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement, shall be paid as set forth in the Settlement Agreement.  In accordance with the New York Social Security Protection Law, N.Y. General Business Law § 399-dd, the New York Employee Personal Identifying Law, N.Y. Labor Law § 203-d, the Court hereby authorizes

-4-

Defendants to disclose to Simpluris, Inc. all personally identifiable information of the Settlement Class Members necessary to facilitate the administration of the settlement.

11.     Subject to the receipt and consideration by the Court of any objections to or comments on the Settlement Agreement at the hearing, the Court preliminarily finds the Settlement Agreement and all of its terms to be fair, just, equitable, and in the best interests of the members of the Settlement Class.  The proposed Settlement falls within the range of possible Settlement approval, was negotiated at arm's length, and is worthy of being presented to the Settlement Class Members for their comments.  The Court hereby preliminarily approves the Settlement under Rule 23(e) of the Federal Rules of Civil Procedure and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

12.     The Court hereby approves the Notice of Pendency of Class Action Settlement (the "Notice") in the form attached as Exhibit "C" to the Settlement Agreement.

13.     Within twenty (20) business days of the latter of preliminary approval of this settlement or Court approval of the Notice to the class, the Settlement Administrator will send Settlement Class Members, by first-class mail, at their last known address, the Court-approved Notice.

14.     The Notice to the Settlement Class, given in compliance with the provisions set forth in the Settlement Agreement, is hereby found to be the best notice practicable under the circumstances, and constitutes due and sufficient notice, in full compliance with the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

15.     Settlement Class Members shall have until [60 days after Preliminary Approval Signed) to file any written objections to the settlement in accordance with Section VIII.C of the

Notice (the "Objection Cutoff"). No further objections will be considered after the Objection

Cutoff absent exceptional circumstances and Court approval.

     16.    Within 15 business days of the Objection Cutoff, the parties shall file a proposed

final order in support of final Court approval of this settlement.

     17.    Class Counsel and counsel for Defendants will appear before this Court on

_____ at 10:00 a.m. for a fairness hearing on the question of whether the

proposed settlement should be finally approved as fair, reasonable, and adequate as to the

members of the Settlement Class.

Dated: New York, New York
       July 30, 2010

Respectfully submitted,


LIPMAN & PLESUR, LLP          JACKSON LEWIS LLP

By: *[signature]*          By: *[signature]*

Lizabeth Schalet          Felice B. Ekelman
David A. Robins          Noel P. Tripp
Robert D. Lipman          59 Maiden Lane , 39th Floor
500 North Broadway, Suite 105    New York, New York 10038
Jericho, New York  11753       Telephone: (212) 545-4005
Telephone:  (516) 931-0050      Facsimile:  (212) 791-5400
Facsimile:  (516) 931-0030

*Attorneys for Plaintiffs*         *Attorneys for Defendants*


SO ORDERED:

_____
The Honorable Henry Pitman
United States Magistrate Judge